U.S. Attorney's Office, District of Florida 

COMPLAINT FOR VIOLATION OF FEDERAL CRIMINAL LAW

8:25-cv-3241-KKM-TGW

| | | |
|---|---|---|
| Eric Porter, | ) No. | |
| Complainant, | ) **Re:** INFORMATION: 18 U.S.C. § 1343 and ) 18 U.S.C. § 1962(c) ) | |
| vs. | ) ) ) VERIFIED CRIMINAL COMPLAINT ) of felonies, filed pursuant to 18 U.S.C. ) § 4 Misprision of felony. ) ) | |
| Kevin Arsenault, trustee | | |
| Defendant. | ) Incident occurred on or after 4/12/18 ) | |

## I. INTRODUCTION

1.1 COMES NOW, Complainant Eric Porter (hereinafter "Complainant"), seeking to comply with 18 U.S.C. § 4 (Misprision of felony) and avoid violation of 18 U.S.C. § 3 (Accessory after the fact), by reporting the commission of felonies by Defendant Kevin Arsenault that offend federal criminal statutes, namely 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1962(c) (Racketeer Influenced and Corrupt Organizations Act). Complainant stands as witness and victim to the conduct complained of in the realm of financial fraud and trust mismanagement.

1.2 Federal authorities have a responsibility to investigate financial crimes affecting interstate commerce, including wire fraud and RICO violations, which may be initiated by victim complaints, such as this one, to the United States Department of Justice (DOJ) or other agencies. A valid complaint will initiate an investigation, the extent of which depends on specific circumstances.



1.3 Complainant, a citizen of Boston, Massachusetts, and former partner of Kevin Arsenault and 50% co-owner of 604 Cambridge Street, Allston, MA, has reason to believe and does believe that Kevin Arsenault, individually and as co-trustee of the Arsenault Family Revocable Living Trust, intentionally engaged in a scheme to defraud Complainant and trust beneficiaries through fraudulent misrepresentations and misappropriation of trust assets.

## II. STATEMENT OF FACTS

2.1 MISAPPROPRIATED TRUST MONEY - Defendant misappropriated trust rental income 2018-2021 for personal use. From (2018–2019) Mr. Arsenault used trust funds to pay personal HELOC fees (originally due September 2018) and then converted this personal HELOC to a trust obligation via a second mortgage (November 2019), burdening Complainant and the trust with unnecessary costs. In August 2021 Defendant forced the sale of 604 Cambridge St. (over $2 million) with intent of using trust funds to pay for personal matters.

2.2 WILLFUL CONCEALMENT - Defendant Kevin Arsenault, co-trustee of the Arsenault Family Revocable Living Trust (established April 10, 2018, Florida), willfully concealed the trust's creation and placing his 50% ownership of 604 Cambridge St. into this trust from his partner Eric Porter. Defendant willfully concealed intent to (potentially) harm partner even if it harmed himself and/or the trust.

2.3 FIDUCIARY DUTY TO PARTNER- Defendant willfully concealed within the trust documents - Article II.F (prohibiting sale to co-owner, his family, or any business or person associated with co-owner Porter (Complainant) while still managing 604 Cambridge Street, as a co-owned rental property.  This desire to not sell to Porter at any cost, which can be implicitly seen as far back as 2014, but was clearly memorialized in April 2018 in trust documents.

2.4 BREACH OF FIDUCIARY DUTY TO BENEFICIARIES - Defendant frequently admitted verbally and via email the intent to use the sale of trust's property 604 Cambridge St. for personal debts (credit cards, daughter's wedding, student loans), harming beneficiaries (Jason and Leah Arsenault).

2.5 FEDERAL CRIMINAL CONCERNS - Defendant used interstate emails to misrepresent his desire to secure the "highest price" for the property (2018–2021), despite knowing he would always refuse Complainant's highest offer ($2.1 million minus broker fees, April 2021) in favor of a lower third-party, per Article II.F, which was revealed as a part of federal litigation January 2025.

2.6 FEDERAL CIVIL LITIGATION - These actions, involving interstate communications (Massachusetts-Florida) and trust mismanagement, caused Complainant financial harm (lost income, mortgage costs) and emotional distress, as detailed in federal civil case filing 1:24-cv-12878-IT.

### III. ALLEGATIONS

3.1 Wire Fraud (18 U.S.C. § 1343): Defendant's use of online banking from Florida to make payments for Massachusetts mortgage obligations (e.g., the second mortgage on 604 Cambridge Street, November 2019) could constitute wire fraud under 18 U.S.C. § 1343. The elements of online banking transactions crossing state lines from Florida to Massachusetts transferring trust funds or property-related payments to cover personal debts (e.g., HELOC fees or personal obligations) fall within this statute.

3.2 Wire Fraud (18 U.S.C. § 1343): Defendant knowingly schemed to defraud Complainant and trust beneficiaries using interstate emails (2018–2021) to falsely claim he sought the "highest price" for 604 Cambridge Street, concealing Article II.F and his hidden intent to refuse

Complainant's offer, and misusing trust funds (rental income, sale proceeds) for personal gain, causing financial harm.

3.3 RICO (18 U.S.C. § 1962(c)): Defendant conducted the trust (an enterprise) through a pattern of racketeering activity, including multiple acts of wire fraud (bank/emails, 2018–2021) and theft (Fla. Stat. § 812.014, misusing trust funds), affecting interstate commerce (Massachusetts-Florida transactions), injuring Complainant's business (rental income losses) and beneficiaries.

3.4 Complainant, as victim and co-owner, has been harmed by Defendant's schemes, violating federal, Florida, and Massachusetts criminal law and causing financial injury, as supported by exhibits in the civil case. Summary of laws:

Florida State Laws Potentially Violated

1. Fla. Stat. § 736.0802 (Duty of Loyalty)
2. Fla. Stat. § 736.0804 (Duty of Prudent Administration)
3. Fla. Stat. § 736.0810 (Duty to Keep Trust Property Separate)
4. Fla. Stat. § 736.0813 (Duty to Inform and Account)
5. Fla. Stat. § 736.0806 (Prohibited Transactions)
6. Fla. Stat. § 812.014 (Theft- unauthorized use of trust rental)
7. Fla. Stat. § 726.105 (Fraudulent Transfer)

Massachusetts State Laws Potentially Violated

1. M.G.L. c. 108A, § 20 (Partnership Duty of Disclosure)
2. M.G.L. c. 108A, § 21 (Fiduciary Duty in Partnership)
3. M.G.L. c. 93A, § 11 (Unfair and Deceptive Practices)
4. M.G.L. c. 260, § 2A (Fraud)
5. M.G.L. c. 110A, § 410 (Securities Fraud, if applicable)

Federal Laws Potentially Violated

1. 18 U.S.C. § 1343 (Wire Fraud)
2. 18 U.S.C. § 1962(c) (RICO)
3. 26 U.S.C. § 7201 (Tax Evasion, if applicable)

## IV. OBLIGATIONS

4.1 As recipient of this Complaint alleging federal crimes, you are duty-bound to initiate an investigation. Failure to act may violate 18 U.S.C. § 3 (Accessory after the fact) or 18 U.S.C. § 4 (Misprision of felony).

4.2 Complainant has an obligation to report these crimes to avoid liability under 18 U.S.C. § 4.

4.3 Complainant seeks an investigation into the alleged crimes to ensure justice.

**Federal Criminal Statutes**

- 18 U.S.C. § 3 (Accessory after the fact): Whoever, knowing an offense against the United States has been committed, assists the offender to hinder apprehension, trial, or punishment, shall be imprisoned not more than one-half the maximum term of the principal's offense or fined, or both.

- 18 U.S.C. § 4 (Misprision of felony): Whoever, having knowledge of a felony cognizable by a U.S. court, conceals and does not report it to a judge or authority, shall be fined or imprisoned not more than three years, or both.

## V. CONCLUSION & VERIFICATION

5.1 Complainant brings this criminal complaint in good faith, as required by 18 U.S.C. § 4, and believes the allegations against Kevin Arsenault are true and constitute the crimes alleged herein.

5.2 Complainant provides a lengthier explanation in the form of a letter as part of this complaint.

5.3 I, Eric Porter, declare under penalties of perjury (28 U.S.C. § 1746) that the statements and allegations herein are true and correct to the best of my knowledge, and no material falsity exists in the facts or records relied upon.

Executed: October 30th, 2025.                    Signature:_____
                                                                   Eric J. Porter

Attachments:
- Trust document (received January 2025).
- Letter in support of criminal complaint
- Additional documentation available upon request